W. A. McGHEE, plaintiff in error, *vs.* AMOS S. WAY, defendant in error.

1. Where execution was levied upon land which had been set apart as a homestead, the plaintiff having made affidavit that the debt upon which the execution was founded was for the purchase-money, and the defendant filed a counter-affidavit to the effect "that, to the best of his knowledge and belief, he paid the purchase-money for the land levied on," a demurrer to said counter-affidavit was properly sustained. (R.)

2. The mere allegation in an affidavit of illegality that the judgment is for an amount considerably greater than the verdict, without stating how large is the excess, is insufficient. (R.)

Homestead. Purchase-money. Counter-affidavit. Before Judge HARRELL. Stewart Superior Court. April Term, 1872.

For the facts of the case, see the decision.

BEALL & TUCKER; H. FIELDER, for plaintiff in error.

J. L. WIMBERLY; JOHN T. CLARK, for defendant.

WARNER, Chief Justice.

The plaintiff in the Court below levied an execution upon the property of the defendant, which had been set apart as a homestead, first making an affidavit, as required by the Act of 1871, that the debt on which the execution was founded

was a debt due for the purchase-money of the land levied on. The defendant in execution filed two counter-affidavits, in one of which he stated that, to the best of his knowledge and belief, he had paid the purchase-money for the land levied on, and that he has other lands in his possession that has not been homesteaded. In the other, he stated that the judgment entered up against him is considerably greater than the verdict of the jury in the case on which the *fi. fa.* was founded. The plaintiff demurred to both affidavits, the demurrer was sustained by the Court, and the affidavits dismissed, whereupon the defendant excepted.

The counter-affidavit of the defendant does not deny *the truth* of the plaintiff's affidavit, but states to the best of his knowledge and belief that he had paid the purchase-money for the land levied on, but when or to whom he does not state, nor whether before or after judgment. He does not state that he has paid the judgment rendered against him, on which the execution issued. The Act required him to deny the *truth* of the plaintiff's affidavit in his counter-affidavit, so as to form an issue thereon to be submitted to the jury. What number of acres of other lands, not covered by the homestead, are in his possession, is not stated, or whether the same is subject to the plaintiff's execution. The other affidavit, that the execution is *considerably* greater than the verdict, is entirely too indefinite. He should have stated how much greater, so as to show to the Court the true amount that was actually due on the judgment. There was no error in sustaining the demurrer to both affidavits.

Let the judgment of the Court below be affirmed.