JAMES P. SHARP, plaintiff in error, *vs.* WRIGHT KENNEDY, defendant in error.

1. Where there is a levy upon land entered by the sheriff upon an execution, but by mistake the entry is not signed by the sheriff, the failure to sign is not fatal to the levy. The sheriff may amend it by adding his signature.
2. An affidavit of illegality to an execution setting up facts as a reason why the execution is proceeding illegally, must distinctly present the matter relied upon, so that, if not denied, the Court may pass judgment intelligently, or if denied, that the jury may have distinctly before it the matter in issue.

Illegality. Amendment. Before Judge STROZER. Terrell Superior Court. May Term, 1873.

An execution issued in favor of Wright Kennedy against Leroy Brown, David Sharp, security, and Farnum & Sharp, returnable to the May term, 1873, of Terrell Superior Court, for $800 00, principal, besides interest and cost. A levy was made upon certain property as belonging to James P. Sharp, a member of the firm of Farnum & Sharp, who, for himself,

for said firm, and as agent for David Sharp, presented an affidavit of illegality substantially as follows :

1st. That David Sharp and Farnum & Sharp were merely securities upon the note upon which the judgment in the said case was based ; that deponent, acting for them, had tendered to the plaintiff in execution the principal, interest and costs due upon said *fi. fa.*, and had demanded that said execution, together with a deed to some real estate held by the plaintiff as security, should be turned over to him, in order that those for whom he was acting might be subrogated to all the rights of the plaintiff as against the principal ; that the plaintiff refused to comply with this request, upon the ground that he was entitled to more interest than his judgment called for.

2d. That the memorandum to the note sued on, in relation to interest, was, as he is informed and believes, placed thereon after the same was signed by the securities and without their knowledge or consent, and by the direction of the plaintiff and their principal, and therefore has no binding effect upon the securities. (It is impossible to tell from the papers in the case what memorandum is referred to, as a copy of the note is not to be found in the bill of exceptions or record.)

The affidavit of illegality was demurred to. Pending the argument of the demurrer, the defendant moved to amend by adding an additional ground, as follows :

3d. That there has been no legal levy entered upon said execution in terms of the law.

Upon an inspection of the *fi. fa.*, in connection with this last ground, it was discovered that the levy had never been signed by the sheriff. Plaintiff examined the sheriff, who stated that he made the entry upon the *fi. fa.*, but inadvertently omitted to sign his name; that he gave James P. Sharp verbal notice of having made said levy at the time, but did not give him notice in writing.

Upon this showing the Court allowed the sheriff to sign said levy, *nunc pro tunc,* and directed an order to that effect to be entered on the minutes. To this ruling the defendant excepted.

The Court then sustained the demurrer to said affidavit of illegality, and the defendant excepted.

Error is assigned upon each of the aforesaid grounds of exceptions.

LYON & IRVIN; HOYLE & SIMMONS; C. B. WOOTEN, for plaintiff in error.

F. M. HARPER, by R. H. CLARK, for defendant.

McCAY, Judge.

1. We see no error in this judgment. The entry of the sheriff was a perfect entry. The Code does not *require*, in terms, that it should be signed, though that is undoubtedly proper: Code (Irwin's) 3592. But the failure to sign is, as we think, amendable. The entry describing the property, and asserting the intention of the officer to seize the land, was complete. The signature is only the supplying of a clerical error. It might be different if there was no entry, (in case of land,) or if the entry was, in itself, wholly wanting in certainty: See *case of Wilson vs. Ansley, at this term.*

2. We think the affidavit was entirely too indefinite. It was not possible for the plaintiff to take issue on it. Admitting that the question intended to be made, can be made in this way—though this is by no means clear—still, it does not appear, by the affidavit, what it was that plaintiff refused to turn over. Nor does it appear that he was not justified in the refusal. It is stated, it is true, that he had a certain deed as collateral security, but it does not appear what deed. Nor would it be possible for a jury to find on the issue tendered one way or another, as to this deed, because there is not the least indication what the deed was. If parties propose to seek their equitable rights at law, they must set them forth at law as they would be required to do in equity.

As this affidavit is dismissed for want of certainty, the defendant loses no rights, except that he loses this *mode* of redress.

Judgment affirmed.