JULIA A. McLAREN, administratrix, plaintiff in error, *vs.* EUGENIA A. BEALL, defendant in error.

1. When a judgment was obtained against one as administrator of an estate, and the subsequent representative of the same estate filed an affidavit of illegality against the execution issued on such judgment, on the ground that the defendant in execution was not the legal administrator at the date of the judgment or since, the affidavit should set forth the facts which show that the title of such defendant to the office of administrator was illegal.

2. A ground taken in an affidavit of illegality that the execution "issued upon a *bogus* judgment, which was not obtained after a due course of law, but was obtained in chambers, contrary to the statute in such cases made and provided, and by fraud," is too general and indefinite, and does not show that the judgment is void, and therefore cannot be inquired into in a proceeding by illegality.

3. On a trial of an affidavit of illegality the affiant, in support of one of the grounds taken, introduced the former administrator as a witness, and who testified that he had paid $3,400 00 on the debt, and that no credit had been given for it.   Upon the attention of the witness being called to the original decree, and papers connected therewith, he admitted that he was mistaken:

*Held,* That notwithstanding the witness admitted the mistake on the trial, yet his being willing so to testify furnished a reason for filing the affidavit sufficient to relieve a succeeding representative from the charge of interposing it for delay only, and especially under such a state of facts, twenty per cent. damages should not have been given.

McLaren *vs.* Beall.

Illegality. Administrators and executors. Damages. Before Judge STROZER. Dougherty Superior Court. April Adjourned Term, 1873.

An execution in favor of Eugenia A. Beall against Peter McLaren, as administrator upon the estate of Davis Pace, deceased, for $22,423 01, principal, with interest from April 1st, 1868, was levied upon certain lands and personalty as the property of said estate. Julia A. McLaren, as administratrix upon said estate, filed an affidavit of illegality upon the following grounds, to-wit:

1st. Because the debt sued on was contracted prior to June 1st, 1865, and no taxes have been paid thereon as required by the Act of October 13th, 1870.

2d. Because the execution "issued upon a *bogus* judgment, which was not obtained after due course of law, but was obtained at chambers, contrary to the statute in such cases made and provided, and by fraud."

3d. Because a large portion of the debt has been paid since the judgment, to-wit: $3,000 00, which amount has not been credited on the execution.

4th. Because Peter McLaren, against whom the judgment was obtained, as administrator upon the estate of Davis Pace, deceased, was not, at the time of the rendition of such judgment, a legal administrator of said estate, and never has been.

Upon demurrer, the second and fourth grounds of illegality were stricken, and the defendant accepted.

On the trial of the issue thus formed, Peter McLaren testified to the payment of $3,400 00, which should be credited on the execution.

Upon cross-examination, plaintiff's counsel exhibited to the witness the original decree and statement of guardian's account upon which the same was made, showing that the credit alluded to had been deducted. Witness then stated that the proper credit had been allowed, and he was satisfied, but that he had been, until shown the aforesaid papers, under

the impression that said payment should have been credited on the execution.

The jury found for the plaintiff, with twenty per cent. damages. The defendant moved for a new trial, because of error in sustaining the aforesaid demurrer, and because the verdict was contrary to the evidence. The motion was overruled, and defendant excepted.

H. MORGAN ; VASON & DAVIS, for plaintiff in error.

WRIGHT & WARREN, for defendant.

TRIPPE, Judge.

1. The affidavit of illegality in its recitals or statements, before the specific grounds were set forth, showed that Peter McLaren, against whom the judgment was obtained, as administrator of Davis Pace, was sued as such, had acted as administrator, and was acting administrator at the time the judgment was obtained. The ground then taken is merely that he was not a legal administrator. When a judgment is thus obtained against one who it was admitted was filling the office of an administrator, and who, in fact, was an administrator, it is not sufficient to state in the affidavit of illegality, whereby the judgment is sought to be arrested, or set aside, that such person was not a *legal* administrator. An issuable statement should have been made ; that is, it should have been set forth, wherein consisted the illegality of his appointment. Notice should be given by the pleadings to the plaintiff of what the affiant intended to rely on to show that the judgment was not a judgment against the estate, and what it was that thus made the representative who had been sued an illegal representative. The affidavit does not state that there had been any judgment vacating the title of the administrator, or declaring his right to the office void.

2. The same may be said of the other grounds, to-wit : that the "execution issued upon a *bogus* judgment, which was not obtained after a due course of law, but was obtained in cham-

McLaren *vs.* Beall.

bers, contrary to the statute in such cases made and provided, and by fraud." This is too general and indefinite. It does not show that the judgment is void, and the facts that make it so. As to there being no right to attack the validity of a judgment by illegality. See 7 *Georgia*, 204; 8 *Ibid.*, 143; 11 *Ibid.*, 137; 22 *Ibid.*, 570. The demurrer to both these grounds was properly sustained.

3. The jury gave twenty per cent. damages to the plaintiff. Was this right under the evidence? Waiving the question whether damages can be given against an administrator in an issue formed on an affidavit of illegality, we do not think the damages in this case can be sustained under the testimony. The third ground in the affidavit is, that $3,000 00 had been paid on the debt since the judgment, and no credit given therefor. Peter McLaren, the former administrator, on his direct examination, testified that he had paid that amount on the debt, and supposed the *fi. fa.* ought to be credited with it, but it was not. It is true that on his cross-examination, upon being shown the original decree and the statement of the account on which it was founded, it appeared that the credit had been allowed before the decree was taken, and the witness then admitted that fact. He also stated that up to that time he believed that the payment he made ought to have been credited on the execution. Here, then, was an administratrix who set up that a large payment on a judgment had been made by her predecessor in the administration, and the fact was sworn to by the former administrator. He admitted on the trial, after he had so testified, that he was mistaken, but had just then discovered it. This was sufficient to relieve the affiant, the then representative of the estate, from the charge of having interposed the illegality for delay only.

Judgment reversed.