## WEEMS vs. STOKES.

Where a tax *fi. fa.* had been transferred, and levied at the instance of the transferee, an affidavit of illegality which alleged payment in full to him subsequently to the transfer, was good; nor was it rendered demurrable by the addition of surplus matter as to the time, place and manner of payment.

Illegality.    Taxes.    Executions.    Before Judge CRISP. Lee Superior Court.    March Term, 1879.

Reported in the decision.

WARREN & FREEMAN; D. H. POPE, by Z. D. HARRISON, for plaintiff in error.

HAWKINS & HAWKINS, for defendant.

SPEER, Justice.

The tax collector of Lee county issued a tax *fi. fa.* for state and county taxes for the year 1877, against Wal-

ter H. Weems, agent and trustee, for one hundred and fourteen dollars. On the 2d of April, 1878, said *fi. fa.* was transferred by him to G. M. Stokes. On the 1st of February, 1879, Stokes caused the *fi. fa.* to be levied on certain lands as the property of Weems, as agent and trustee. To this levy Weems, the defendant, filed his affidavit of illegality, in which he swears the *fi. fa.* is proceeding illegally: " Because said execution has been paid to said Stokes since the transfer, by said Weems in full, payments made at Leesburg, Lee county, Ga., to said Stokes in person, as follows: October 22, 1877, two hundred and twenty-three dollars; January 8th, 1878, one hundred and ninety-three dollars and thirty-two cents; January 12th, 1878, ninety cents; January 22, 1878, eight dollars and ninety-six cents, making in all the sum of six hundred and forty-six dollars and ninety-six cents, which amounts were paid by deponent to said Stokes in satisfaction of said *fi. fa.* and other charges on the books of said Stokes against deponent, and deponent, in making said payment to said Stokes, directed that said taxes should be paid out of the money so paid to said Stokes, and said execution having been paid off, discharged and settled in full with said Stokes, defendant alleges and insists that the same is not a tax *fi. fa.*, and that the same is proceeding illegally and is not in reality a legal *fi. fa.*"

To this affidavit plaintiff in *fi. fa.* demurred, which demurrer was sustained by the court, the illegality dismissed, and defendant excepted.

While there is much in this affidavit of illegality that might have been well omitted, and can be well treated as surplusage, yet here is the material fact distinctly averred and sworn to by the defendant, that he has paid off fully said *fi. fa.* to Stokes, the transferee, since he controlled the same, and without referring to the time, manner and place of payment, which he sets forth. We think he distinctly presents the issue of payment, and that he was entitled to be heard on it.

Let the judgment of the court below be reversed.