## TERRY *vs.* THE BANK OF AMERICUS

1. The lapse of a little more than a year from the entry of the levy on realty until the property was seized and advertised for sale, furnished no ground for an affidavit of illegality, alleging that the levy was "stale."
2. An affidavit of illegality which stated in general terms that the note, "the cause of action," was paid off in full, without stating to whom the payment was made or whether made before or after judgment, was so uncertain and elusive as to be demurrable.
(*a.*) This ruling does not conflict with that in the case of *Weems vs. Stokes*, 66 *Ga.* 88.

February 8, 1886.

Levy and Sale.   Stale Demands.   Executions.   Payment.   Pleadings.   Before Judge FORT.   Webster Superior Court.   April Term, 1886.

Reported in the decision.

E.  A.  HAWKINS, for plaintiff in error.

DuPONT GUERRY ; J. B. HUDSON, for defendant.

HALL, Justice.

This affidavit of illegality to the *fi. fa.* set forth the following grounds: That the levy was stale, having been made in 1884, and no action taken thereon until the property levied on was advertised for sale in 1886; that the plaintiff postponed all action thereon from the 27th of October, 1884, until and to the next October; and " that the *fi. fa.* and promissory note, the cause of action, was paid off in full," and there was nothing due on the same. The court sustained a general demurrer thereto and dismissed the affidavit. This is the error alleged.

1. There is nothing in the ground that the levy was stale; nor does it appear that the plaintiff was injured by the postponement of action on the levy as alleged. A little over a year had elapsed from the entry of the levy until the property seized was advertised for sale. Seven years must elapse from the date of the levy entered by an officer on the *fi. fa.* before the judgment becomes dormant. Code, section 2914. We know of no other rule than this in relation to what is termed a " stale " levy; the demand which the levy was made to satisfy, without some very special and unusual circumstances, could scarcely be deemed stale in less than two years from the date of its accrual.

2. It is not stated when or to whom the note, " the cause of action " of the *fi. fa.*, was paid. It does not appear whether the note was paid before or after the *fi. fa.* was issued. This allegation is not only uncertain, but elusive. If the payment of the note was made before the judgment on which the *fi. fa.* issued was rendered, it is merged therein, and if the defendant would avail himself of the payment, it should have been pleaded in bar of the same, or if made after the judgment and before the *fi. fa.* issued thereon, this fact should have been distinctly stated. In *Weems vs. Stokes*, 66 *Ga.* 88, relied on by the counsel for affiant, the affidavit alleging payment seems to have been redund-

v 77-34

ant, not at all uncertain or elusive; and the court held it sufficient, notwithstanding the surplusage, because it distinctly stated that the execution had been paid after it had been transferred to the party at whose instance it was being enforced. That the averment of payment is uncertain and insufficient, see *McGhee vs. Way*, 46 *Ga.* 282; *Sharp vs. Kennedy*, 50 *Ga.* 208.

There was, therefore, no error in sustaining the demurrer to this affidavit.

Judgment affirmed.