## KEATON *v.* FARKAS.

1. Where an owner of land executed to his son a deed of gift, conveying the property in·trust for the benefit of the grantee and his children during his life, with remainder to the surviving children after his death; and where an execution against the maker, antedating the deed of gift, was levied on the land, and a sheriff's sale was had thereunder, if such sale was valid it freed the land from any trust or estate created by the deed of gift, and the· purchaser at the sheriff's sale acquired the title of the grantor as it stood before the making of the deed of gift.

2. Although at such a sale the son of the defendant in execution, who was also the grantee in the deed of gift, bid in the property individually and transferred his bid to another, to whom the sheriff executed a deed, this would not of itself render the sale void, or make the title acquired by the person to whom the sheriff's deed was executed subject to the trust, where no fraud or notice to him of any trust estate appeared, and he was a bona fide purchaser for value.

3. In *Keaton* v. *Baggs & Stephens,* 53 *Ga.* 226, *Pettijohn* v. *Liebscher,* 92 *Ga.* 149 (17 S. E. 1007), and *Bourquin* v. *Bourquin,* 120 *Ga.* 115 (47 S. E. 639), the claim which was enforced against the property was against the trustee or the trust estate, and one which it was the duty of the trustee to pay, or from which he should have sought to protect the trust estate. Here the execution was against the person who created the trust. The action was also one of complaint for land, not an equitable proceeding.

4. Although the purchaser at the sheriff's sale may have agreed with the grantee under the trust deed, as an individual, to sell to him the property, and upon payment of the purchase-price may have made a conveyance to him, this would not alone serve to reinstate the trust, no fraud or breach of trust appearing.

5. Where such a conveyance was made, one who acquired title under the grantee bona fide, for value, and without notice, would not be affected by any right which might have existed on the part of a beneficiary under the original trust deed to set up a failure of duty on the part of the trustee to protect the trust estate from sale, if there were any.

6. In this State a levy on land is made by means of the official entry thereof on the execution, and not by seizure.

7. The requirement of Civil Code (1910), § 6031, that notice of the levy shall be given to the tenant in possession within five days after the levy is made, does not contemplate that the entry of levy must itself state that notice has been given, in order to render it valid.

8. If land is bid in at a sheriff's sale by one person, who transfers his bid to another, and the sheriff makes a deed to the latter, this does not render the sheriff's sale invalid.

APRIL 14, 1911.

Complaint for land. Before Judge Park. Dougherty superior court. April 13, 1910.

*Mann & Milner,* for plaintiff. *S. J. Jones,* for defendant.

LUMPKIN, J. In 1867 B. O. Keaton by deed of gift conveyed certain land to his son, J. K. P. Keaton, in trust for the use of the grantee and such children as might be born to him for and during his life, "and at his death remainder over to such child or children as he may have living at his death and born within the usual period of gestation thereafter, forever in fee simple." The plaintiff claims as the surviving child of the grantee. When the deed was made, there was an outstanding execution against the donor. It

was levied on the land. The grantee interposed a claim, but subsequently withdrew it. Again he made a claim, and again withdrew it. Thus some years were consumed. Finally the land was sold at sheriff's sale, and a sheriff's deed made to one Jackson. Six years later he conveyed to J. K. P. Keaton, who made a conveyance to secure a loan. Judgment was recovered on the secured debt, and, under the execution issued thereon, the land was sold. Two days later the purchaser conveyed to J. K. P. Keaton as trustee for the present plaintiff, with power in the trustee to sell at private sale. This power was exercised, and the land was sold and conveyed to the present defendant. He held for about nineteen years before suit was brought. J. K. P. Keaton died in 1903, and in 1909 the plaintiff brought an action of complaint for land against the defendant, claiming as remainderman under the deed from B. O. Keaton to J. K. P. Keaton. On the trial the court directed a verdict for the defendant. The plaintiff moved for a new trial, which was refused, and he excepted.

This was an effort to derive a live title from a defunct deed. There was an execution outstanding against the owner of the land when he made a deed of gift to his son, as trustee for himself and children, with remainder to those who might survive him. The property was subject to the execution, and the sale under it, if valid, destroyed the effect of the deed of gift. The defendant claimed by virtue of that sale and a chain of title under it. There was no conflict in the evidence as to the fact that he was a bona fide purchaser for value, or that he had no notice of any trust under the deed made by B. O. Keaton. There was a clause in the sheriff's deed to Jackson, as follows: "The terms of the bond made this day between Jackson and Keaton explain the transfer of Keaton's bid to Jackson for the property at sheriff's sale." The bond was not introduced in evidence, nor were its contents proved. There was nothing in this clause, on its face, to show anything more than that Keaton had transferred his bid to Jackson, and that Jackson made him a bond for title to convey the place upon certain agreed terms. There was no hint of, or reference to, any deed of gift made by B. O. Keaton. The facts, that, about six years later, Jackson conveyed the land to J. K. P. Keaton, and that the latter subsequently impressed it with a trust in favor of his son, the present plaintiff, but with the right in himself, as trustee, to sell, did not operate to re-

vive the original deed of gift or the trust provided by it, and thus affect a bona fide purchaser from him under the power contained in the last deed, for value and without notice of any equity, if any existed. This is true, whether the trustee under the original deed held in trust only for certain beneficiaries during the life of J. K. P. Keaton, or was also trustee for the remaindermen.

The decisions in *Keaton* v. *Baggs & Stephens,* 53 *Ga.* 226, *Pettijohn* v. *Liebscher,* 92 *Ga.* 149 (17 S. E. 1007), and *Bourquin* v. *Bourquin,* 120 *Ga.* 115 (47 S. E. 639), are not applicable to the present case. In each of them the claim sought to be enforced was against the trustee or the trust estate, and one which it was the duty of the trustee to pay, or against which he should have sought to protect the estate. Here the execution was not against the trust estate, but against the maker of the trust deed, and was superior to such conveyance. Moreover, this was an action of complaint for land, not an equitable proceeding to set aside a sale or enforce a trust.

Objection was interposed to the introduction of the sheriff's deed to Jackson, on the ground that the entry of levy on the fi. fa. did not state that the tenant in possession was notified of such levy, and also on the ground that the deed showed on its face that it was not a regular and legal sheriff's deed. The entry of levy on land constitutes the levy. *Isam* v. *Hooks,* 46 *Ga.* 309 (2). The Civil Code (1910), § 6031, requires notice of the levy to be given to the tenant in possession within five days after the levy is made. It is therefore clear that the entry of levy would not be void because it did not include within itself a statement that the tenant had been notified of it. The sheriff may make a deed to the transferee of the person making the highest and best bid at the sale. *Parler* v. *Johnson,* 81 *Ga.* 254 (7 S. E. 317). It furnished no ground for objection to the admission of the sheriff's deed that it showed on its face that it was made to a transferee. And the insertion of the clause above quoted in the deed did not destroy its efficacy as a sheriff's deed or cause it to be inadmissible in evidence. There was no error in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*