9206.   HOPSON *v.* STUART LUMBER COMPANY.

JENKINS, J. The plaintiff in error sued for damages for the cutting of timber on land in which she claimed a tenth interest by inheritance from her father, alleging, that he bought the land and went into possession of it under a duly-recorded deed, and remained in possession more than four years after the rendition of the judgment against his grantor under which the land was afterwards levied upon and sold; that the levy was excessive, and that at the time of the levy, the fi. fa. was dormant. *Held*:

1. While it is recited in the record of the sheriff's deed to the defendant's grantor that the levy was made November 19, 1897, it is manifest that this recital was merely a clerical error, since it appears that the deed was actually recorded on a date prior thereto, and a claim under this levy was filed on January 2, 1892. Certainly, under such circumstances,

evidence on the part of the sheriff that the levy was in fact made November 19, 1891, was not incompetent. *Hilton* v. *Singletary,* 107 *Ga.* 821 (2) (33 S. E. 715). It thus appears that the plaintiff's grantor could not have been in possession of the land for as long as four years prior to the levy under the prior judgment, and that the judgment was not then dormant.

2. Even if the point made in the brief of counsel, to the effect that it was not established that legal notice of the levy was given by the sheriff, had been made in the court below, and exception taken on that ground, the presumption of law that the sheriff did his duty in this respect is corroborated by his testimony given on this point, and by the fact that the tenant in possession at the time the levy was made filed her claim in which the fact of such levy was set forth. "The requirement of Civil Code (1910), § 6031, that notice of the levy shall be given to the tenant in possession within five days after the levy is made, does not contemplate that the entry of levy must itself state that notice has been given, in order to render it valid." *Keaton* v. *Farkas,* 136 *Ga.* 188 (70 S. E. 1110).

3. The record fails to sustain the contention of plaintiff that the sheriff's sale under which defendant holds was void for the reason that the levy therein was excessive. It in fact appears from the entry of the sheriff that the levy was made in parcels, and from his evidence it appears that it was thus sold. The finding of the jury on this point can not be disturbed.

4. The other special grounds of the motion for a new trial are not argued in the brief of counsel for plaintiff. Under the evidence submitted, the verdict was demanded by the evidence.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED MAY 17, 1918.

Action of trespass; from Decatur superior court—Judge Harrell. August 25, 1917.

*W. V. Custer,* for plaintiff.

*Pope & Bennet, M. E. O'Neal,* for defendant.