## 11926. WALKER *v.* CITY OF CAIRO.

Under the ruling in *Bacon* v. *Mayor &c. of Savannah,* 86 *Ga.* 301 (12 S. E. 580), the court erred in sustaining the general demurrer to the affidavit of illegality and in dismissing it.

DECIDED JULY 28, 1921.

Illegality of execution; from Grady superior court — Judge Wilson. September 23, 1920.

Application for certiorari was denied by the Supreme Court.

*R. C. Bell, S. P. Cain,* for plaintiff in error.

*E. D. Rivers, Jeff. A. Pope,* contra.

BLOODWORTH, J. The clerk of the city council of Cairo is authorized under the charter of the city to issue executions to enforce the collection of assessments for street improvements. See act of August 19, 1911 (Ga. L. 1911, p. 884, sec. 6). The section here cited provides also that "the defendant shall have the right to file an affidavit of illegality denying that he owes the same or some part of the sum for which the said execution was issued, and in case he admits owing any amount, stating what amount is due, which amount so admitted shall be paid or collected before the affidavit is received, and the affidavit for such balance, and all affidavits may be filed under this section shall be received, and returned to the superior court of Grady county and there to be tried and the issue determined as in cases of illegality, subject to all the pains and penalties provided in cases of illegality for delay." An execution was issued against W. A. Walker for the amount assessed against him for certain "sidewalk paving." After this execution had been levied on his property Walker filed an affidavit of illegality, the 5th ground of which, after being amended, is as follows: "Because the items for which said fi. fa. issued to collect constitute no valid charge as against this affiant, and he is not liable therefor. Defendant denies that he owes the sum for which said execution issued and

denies that he owes any part thereof." To this affidavit of illegality the city filed a general demurrer and special demurrers. The trial judge overruled the special demurrers, but sustained the general demurrer and dismissed the affidavit of illegality. The defendant excepted. Under the ruling in *Dixon* v. *Mayor &c. of Savannah,* 20 *Ga. App.* 511 (93 S. E. 274), ground 5 of the affidavit of illegality would have been subject to a timely and proper special demurrer, but that question is not now before us. The only question for our consideration is: Did the court err in sustaining the general demurrer and dismissing the affidavit of illegality? In *Bacon* v. *Mayor &c. of Savannah,* 86 *Ga.* 301, it was held: "Where the same statute which confers authority for issuing an execution to enforce the payment of an assessment made upon abutting property, to defray the cost of improving the street on which such property abuts, provides that the defendant shall have the right to file an affidavit denying that the whole or any part of the amount for which the execution issued is due, an affidavit which in one of its grounds sets forth such a denial in express terms as to the whole and every part, entitles the defendant to a trial upon all questions of law and all open questions of fact involved in the controversy." Under this ruling the judge erred in the case now under consideration in sustaining the general demurrer and dismissing the affidavit of illegality. See *Mayor &c. of Gainesville* v. *Dean,* 124 *Ga.* 750 (53 S. E. 183).

*Judgment reversed. Broyles, C. J., concurs. Luke, J., disqualified.*