GORMLEY, superintendent of banks, *v.* SHIVER.

No. 11219. July 10, 1936. Rehearing denied July 23, 1936.

*D. M. Parker* and *G. L. Worthy,* for plaintiff.
*Jeff A. Pope,* for defendant.

Beck, Presiding Justice. The Farmers and Merchants Bank of Cairo, Ga., chartered subsequently to the banking act of 1893 (Ga. Laws 1893, p. 70) and before the act of 1919 (Ga. Laws 1919, p. 135), was placed in the hands of the superintendent of banks on November 1, 1932. W. A. Shiver was a charter stockholder in the bank, and still held his stock at the time of the failure of the bank. On January 13, 1933, a stock-assessment fi. fa. was issued against him by the superintendent of banks, in which it was recited that it was "issued by and under the authority of the said act of the legislature of the State of Georgia, approved August 16, 1919 [supra], amendment approved August 14, 1920, and as amended on August 26, 1925" (Ga. L. 1925, p. 119). On June 7, 1933, the execution was levied on certain property of the defendant, who filed an affidavit of illegality on the grounds: 1. "Affiant denies the necessity for, the correctness of, and the amount of said assessment and the execution issued thereon, for the reason that the assets of said bank taken over by said Gormley as supt., if properly handled, managed, and collected, will pay all claims against said bank in full, and there is no necessity for any assess-

ment against the stockholders thereof." 2. That the assessment and execution were issued and were "proceeding by authority of section 20 of an act approved August 16th, 1919, entitled an act to regulate banking in the State of Georgia, which said section is unconstitutional and void for the following reasons, to wit:" (a) that the said section 20 is violative of art. 1, sec. 1, par. 3, of the State constitution, in that it provides that the superintendent of banks may, without any hearing, proceed to make an assessment against stockholders of said bank, and because said section authorizes an assessment to be made whenever he is of the opinion that the assets of the bank can not be converted into cash within one year from the date of closing, regardless of the solvency of said assets; (b) that said act makes no provision for the return and trial of any defense by any stockholder of said bank, the amendment to said act approved August 26, 1925, being void and unconstitutional because it seeks to provide for the filing of affidavits of illegality, and is violative of art. 3, sec. 7, par. 8, of the State constitution, for the reason that nothing in the caption of the act authorizes the said amendment providing for the filing of such affidavits and the issues to be raised thereon; (c) that the said bank was incorporated prior to the passage of the act of 1919, and that the only liability that the affiant assumed was, in the event the assets of the bank were insufficient to pay depositors, to become liable for an assessment, and that the assets of the bank were not at the time of the assessment, and have not yet been, liquidated and collected, and that the provisions of section 20 of the act of 1919 that the superintendent of banks might determine in his opinion that the assets of the bank could not be collected and converted into cash within twelve months, regardless of the solvency of said assets or the sufficiency of same to pay all depositors, are violative of the due-process clause of the State constitution. Upon the hearing the plaintiff made a motion to dismiss the affidavit of illegality, on the ground that no defense was set out. The court overruled this motion, and on motion of the defendant rendered judgment as follows: "It being admitted by both sides that the Farmers & Merchants Bank was chartered prior to the passing of the act of 1919, and that the defendant in fi. fa. was an original chartered stockholder, and that the assets of said bank have not yet been fully liquidated,

and that the assets of said bank were placed in the hands of the superintendent of banks on November 1, 1932, that the law as it existed prior to the act of 1919 applies in this case both as to the liabilities of the defendant in fi. fa. and as to the method of procedure against him, and that his liability does not mature until all of the assets of said bank have been finally and completely liquidated, and on motion of defendant in fi. fa. the execution, together with the levy thereon, are dismissed." The plaintiff excepted.

■ Ground 1 of the affidavit of illegality did not present facts which, if denied, might enable the court to intelligently pass judgment, or, if denied, might enable the jury to have before it the matter attempted to be put in issue, and therefore was insufficient to withstand the motion to dismiss. *Sharp* v. *Kennedy,* 50 *Ga.* 208 (2); *Green* v. *Rogers,* 62 *Ga.* 166 (2); *Baker* v. *Akerman,* 77 *Ga.* 89; *Terry* v. *Bank of Americus,* 77 *Ga.* 528 (2) (3 S. E. 154); *Mobley* v. *Goodwyn,* 39 *Ga. App.* 64 (146 S. E. 31).

■ Section 20 of article 7 of the act of 1919 (Ga. Laws 1919, p. 135), as amended by the act of 1925 (Ga. Laws 1925, p. 119), is not unconstitutional as in violation of the due-process clause of the State constitution, art. 1, sec. 1, par. 3, as it accords to a stockholder the right to contest by affidavit of illegality his liability for an assessment levied by the superintendent of banks and the amount and necessity therefor. *Coffin Co.* v. *Bennett,* 164 *Ga.* 350 (138 S. E. 670), affirmed: 277 U. S. 29 (48 Sup. Ct. 422, 72 L. ed. 768); *Davidson* v. *Citizens Bank of Fort Valley,* 171 *Ga.* 81 (2) (154 S. E. 775).

■ The act of 1925 (Ga. Laws 1925, p. 119), amending section 20 of article 7 of the act of 1919 (Ga. Laws 1919, p. 135), is not unconstitutional as violative of art. 3, sec. 7, par. 8, of the State constitution, which provides that no law or ordinance shall pass which contains matter different from what is expressed in the title thereof, inasmuch as it states that, among other purposes, it is "to provide what issues may be raised by a stockholder upon affidavit of illegality to executions issued against them by the superintendent of banks," and is a sufficient reference to the provisions in the body of the act as to the right of a stockholder to contest an assessment made by the superintendent of banks.

■ The act of 1919 (Ga. Laws 1919, p. 135) as amended by

the act of 1925 (Ga. Laws 1925, p. 119) does not impose any additional liabilities upon a stockholder in a bank created under the banking act of 1893.

(*a*) The authority granted to the superintendent of banks by the act of 1919 as amended by the act of 1925, as to making assessments and issuing executions, is only a mode of commencing suits to enforce the statutory liability of stockholders, and does not provide for the rendition by him of a judgment in personam against the stockholder. *Coffin* v. *Bennett,* supra; *Bennett* v. *Cox,* 167 *Ga.* 843 (9) (146 S. E. 835).

(*b*) The superintendent of banks is a statutory receiver. *Bennett* v. *Wheatley,* 154 *Ga.* 591, 599 (115 S. E. 83) ; *Bennett* v. *American Bank &c. Co.,* 162 *Ga.* 718, 725 (134 S. E. 781). The individual liability of a stockholder can be enforced only by him, even though the bank may have been created before the act of 1919. *Bennett* v. *Wilkes County,* 164 *Ga.* 790 (139 S. E. 566).

(*c*) Under the act of 1919 as amended by the said act of 1925, full opportunity is afforded to a stockholder to contest by affidavit of illegality his liability for assessment and the amount and necessity therefor.

(*d*) It is not necessary, before making an assessment and issuing an execution, that the superintendent of banks first exhaust the assets of the bank and determine the actual amount, if any, to be collected from stockholders. *Lamar* v. *Taylor,* 141 *Ga.* 227, 238 (80 S. E. 1085) ; Terry *v.* Tubman, 92 U. S. 156, 160 (23 L. ed. 537).

(*e*) The assessment and execution were not illegal for any reason assigned.

■ The court erred in overruling the motion to dismiss the affidavit of illegality, and thereafter all proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

It is contended that this court overlooked the decisions in *Bacon* v. *Mayor,* 86 *Ga.* 301 (12 S. E. 580), *Walker* v. *Cairo,* 27 *Ga. App.* 323 (108 S. E. 206), and *Mayor &c.* v. *Dean,* 124 *Ga.* 750 (53 S. E. 183). In the *Bacon* case it was ruled: "Where the same statute which confers authority for issuing an execution to enforce the payment of an assessment made upon abutting property, to defray the cost of improving the street on which such

property abuts, provides that the defendant shall have the right to file an affidavit denying that the whole or any part of the amount for which the execution issued is due, an affidavit which in one of its grounds sets forth such a recital in express terms as to the whole and every part entitles the defendant to a trial upon all questions of law and all open questions of fact involved in the controversy." Movant submits that such decision is controlling in the present case, and that his affidavit was in terms of the act of 1925 (Ga. Laws 1925, p. 119), amending the act of 1919 (Ga. Laws 1919, p. 135), in which it was provided that the defendant in execution should have the right to file an affidavit of illegality. The three cases are distinguishable from the instant one, and are not controlling of the question here presented. The ruling in the *Bacon* case was based on the act of 1885 (Ga. Laws 1884-5, p. 362) relating to the improvement of streets in Savannah, and providing that, as to an execution issued to enforce the collection of an assessment, the defendant "shall have the right to file an affidavit denying that the whole or any part of the amount for which the execution issued is due, *and stating what amount he admits to be due, which amount so admitted to be due shall be paid or collected before the affidavit is received,* and the affidavit received for the balance," etc. (Italics ours.) The act thus provides what language may be employed in the affidavit, and does not make the affidavit subject to the same conditions as apply to affidavits of illegality to executions generally. The act of 1919 (Ga. Laws 1919, p. 135), as amended by the act of 1925 (Ga. Laws 1925, p. 119), regulating banking in this State, did not specify the language which might be employed in the affidavit of illegality to an execution after assessment against a stockholder of an insolvent bank, but merely provided in section 20 that "any stockholder shall have the right by affidavit of illegality, *as in cases of affidavits of illegality to other executions,* to contest his liability for such assessment and the amount and necessity thereof." (Italics ours.) It is well settled that affidavits of illegality to executions generally must set up facts and not mere conclusions or generalities; and the affidavit authorized under the banking law above mentioned providing that the stockholder shall have the right by affidavit of illegality "as in cases of affidavits of illegality to other executions," it necessarily follows that an af-

fidavit containing only conclusions instead of facts relied on as a defense is subject to attack. For these reasons the motion for a rehearing is denied. See also *Gaskins* v. *Varn*, 178 *Ga.* 502 (3) (173 S. E. 695). *Rehearing denied. All the Justices concur.*