## 32765. EDENFIELD *v.* STATE OF GEORGIA.

DECIDED JANUARY 6, 1950.

*H. Alonzo Woods,* for plaintiff in error.

*L. P. Strickland, Solicitor,* contra.

SUTTON, C. J. An execution for $800 principal and costs was issued on March 2, 1949, by the Clerk of the City Court of Millen, in the name of the Solicitor of the City Court of Millen, for the State of Georgia, against Perry Hooks, intervenor, and J. N. Edenfield and Audie Pierce as sureties on a bond, and, on July 5, 1949, was levied on certain described land as the property of and in the possession of J. N. Edenfield, one of the defendants in the execution. The execution and levy appear to be regular and in due form.

J. N. Edenfield filed an affidavit of illegality thereto and alleged that the execution was proceeding illegally for the reasons: "(1) That affiant has never had his day in court for that said matter upon which said execution is based is still pending in both the City Court of Millen, Jenkins County, the Superior Court of Jenkins County, Georgia; also that there is now pending two bills of exceptions addressed to the Court of Appeals of the State of Georgia. (2) That said judgment of which said execution is based is therefore immature, illegal upon its face, absolutely in

every respect void and without any legal effect. All of which appears and will be fully and completely sustained as a matter of record and in law and equity." The plaintiff in fi. fa. made a motion to dismiss the affidavit of illegality on the ground that the same was insufficient and set out no defense or valid reason why the execution was proceeding illegally. The defendant then amended his affidavit of illegality by alleging: "(1) That the levy in said execution heretofore made should be by the court dismissed for the reason that the court was without jurisdiction to render judgment in said cause at the time said judgment was rendered. And that the reason the court did not have jurisdiction is because there appears in said case, now on file in [the office of] the clerk of said court, a bill of exceptions to the Court of Appeals of the State of Georgia, and that said bill of exceptions was duly signed and certified by this honorable court, that same is now pending and has not been disposed of; consequently the court having signed a bill of exceptions, then lost further jurisdiction until disposed of by the Court of Appeals of the State of Georgia. 2. [This paragraph was withdrawn by the attorney for the affiant.] 3. Defendant and deponent in this case respectfully submits that he has not been at any time served with any notice of any levy, process or notice of the pendency of the execution and the levy resulting therefrom; nor has deponent waived any such notice or rights arising thereunder. . . 4. That the levy of the said sheriff of the original execution was unlawful and illegal, in that there was no seizure of the property by the said sheriff nor notice of any levy to be made or about to be made given deponent; that the sheriff did no act or thing that could be construed as a seizure of the said property, merely making an entry upon the back of the execution, describing a certain parcel of land."

The plaintiff renewed the motion to dismiss, after the affidavit of illegality was amended, and the trial judge sustained the motion and dismissed the illegality. The defendant excepted to that judgment.

■ Ground 1 of the affidavit of illegality is not sufficient to show that the defendant has never had his day in court. He does not allege that he was not served, that he did not waive service, or that he did not appear in person or by attorney and

defend the case. He states that the matter upon which the execution is based is still pending in both the City Court of Millen and in the Superior Court of Jenkins County; and that there are now pending two bills of exceptions addressed to the Court of Appeals of Georgia. But he does not say where these bills of exceptions are pending, when or where they were filed, or whether the same acted as a supersedeas. It is well settled that an affidavit of illegality must set up facts and not mere conclusions and generalities. *Gormley* v. *Shiver*, 182 *Ga.* 750, 754 (187 S. E. 382). "An affidavit of illegality to an execution setting up facts as a reason why the execution is proceeding illegally, must distinctly present the matter relied upon, so that, if not denied, the court may pass judgment intelligently, or if denied, that the jury may have distinctly before it the matter in issue." *Sharp* v. *Kennedy*, 50 *Ga.* 209 (2). "A ground taken in an affidavit of illegality that the execution 'issued upon a bogus judgment, which was not obtained after a due course of law, but was obtained in chambers, contrary to the statute in such cases made and provided, and by fraud,' is too general and indefinite, and does not show that the judgment is void, and therefore cannot be inquired into in a proceeding by illegality." *McLaren* v. *Beall*, 50 *Ga.* 632 (2).

■ Ground 2 of the illegality, that said judgment upon which the execution is based is therefore "immature," and is illegal upon its face and void, is a mere conclusion of the defendant, based on ground 1 of the illegality, and is without merit.

■ Ground 1 of the amendment to the illegality says that the levy should be "dismissed for the reason that the court was without jurisdiction to render judgment in said cause at the time said judgment was rendered . . that the reason the court did not have jurisdiction is because there appears in said case, now on file in [the office of] the clerk of said court, a bill of exceptions to the Court of Appeals . . duly signed and certified, that same is now pending and has not been disposed of; consequently the court having signed a bill of exceptions . . lost further jurisdiction until disposed of by the Court of Appeals." The judgment would have had to have been rendered before the bill of exceptions thereto was filed, and the reason given why the court was without jurisdiction to render the judgment is with-

out merit. Furthermore, a bill of exceptions to this court in such a proceeding would not act as a supersedeas, without lawful provision therefor being made. Code, § 6-1002.

■ Ground 3 of the amendment to the illegality alleges that the defendant was not served with a notice of the levy. The defendant's affidavit of illegality to the levy was made on the same day the levy was made, July 5, 1949. So, the defendant evidently had knowledge or notice of the levy on the same day the levy was made, and could not have been harmed or prejudiced in this respect. Moreover, "The provision of law which requires that the defendant in execution or other person in possession of realty shall be given five days' notice of levy upon realty (Code, § 39-120), is merely directory, and not so essential as to avoid the levy, and affords no ground for avoiding a sale had pursuant thereto." *Bibb County* v. *Elkan,* 184 *Ga.* 520, 526 (7) (192 S. E. 7); *Haden* v. *Liberty Co.,* 183 *Ga.* 209 (188 S. E. 29); *Tanner* v. *Williamson,* 199 *Ga.* 216, 219 (2) (33 S. E. 2d, 694). This ground of the illegality is without merit.

■ Ground 4 of the illegality alleges: "That the levy of the said sheriff of the original execution was unlawful and illegal, in that there was no seizure of the property by the said sheriff nor notice of any levy to be made or about to be made given deponent; that the sheriff did no act or thing that could be construed as a seizure of the said property, merely making an entry upon the back of the execution, describing a certain parcel of land." A levy on land in this State is made by entering the levy on the execution and giving notice thereof to the defendant or tenant in possession. No seizure is necessary. *Keaton* v. *Farkas,* 136 *Ga.* 188 (6) (70 S. E. 1110); *Ansley* v. *Wilson,* 50 *Ga.* 418 (2); *Edmondson* v. *Leach,* 56 *Ga.* 461, 462 (2). The levy was entered on the execution, and the defendant had notice, as he interposed the illegality on the same day the levy was made.

■ The trial court did not err in sustaining the written motion, in the nature of a general demurrer, to the illegality and in dismissing the illegality.

*Judgment affirmed. Felton and Worrill, JJ., concur.*