MORRIS *et al.*, guardians, etc., *vs.* DAVIS.

75   169
100   380
75   169
f108  658

1. There can be no adverse possession against a co-tenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession. In the absence of proof of any of these, there was no error in failing to charge as to the acquirement of a prescriptive title by one tenant against his co-tenant.

2. Whilst an innocent purchaser for value is protected from irregularities in the time of advertistng a sale by the sheriff under state and county tax *fi. fas.*, as under executions issued on judgments, yet where the levy is excessive and the advertisement is a wholly inadequate and incomplete description of the real estate to be sold for such taxes, the levy is void, the sale is illegal, and no title passes to the purchaser. The purchaser at all judicial sales "depends upon the judgment, the levy and the deed." He must see to these and guard himself against their illegality.

(*a.*) When a piece of property consisted of two separate portions,

derived from different titles, one embracing a front of twenty-seven feet on a street in a city, and the other a front of twenty-five feet, and either would have brought more than the taxes, four hundred dollars having been given for one of them, it was excessive to levy on and sell the entire property together for some fifty dollars of taxes.

3. A deed of gift stated that the grantor had "this day given, granted and sold to said Lizzie E. Davis (the grantor's wife) for the sup- port of herself and her present and future children, the following described real estate.  .  .  .  .  .  To have and to hold the same in fee simple for purpose aforesaid:"

*Held,* that the deed conveyed the fee to the wife and children; and upon her death intestate, her husband inherited an interest in her share, and could convey it to another grantee.

February 9, 1886.

Estates. Tenants in Common. Prescription. Levy and Sale. Deeds. Before Judge CLARKE. Fulton Superior Court. April Term, 1885.

On April 18, 1882, Mrs. Mary A. Davis filed her petition for partition, alleging that J. E. Morris and J. A. Defoor, as trustees of Lou Ida Davis and Mollie O. Davis, minors, were in possession of a lot fronting fifty-two feet on Forsyth street and running back seventy feet, in the city of At- lanta; that she claimed a one-third interest in twenty-seven feet of the northwest portion of the lot and im- provements and one-sixth of the balance of the lot. (The notice of intention to apply for the writ stated the pos- session to be held by the defendants " as trustees and guardian," and the bill of exceptions states it as " guardians and trustees,"· but the petition and writ state the case as above.)

The defendants filed their plea, denying that the peti- tioner had any interest in the land, and issue was joined.

The testimony of the petitioner was, in brief, as follows: She was married to L. H. Davis in December, 1873, and lived with him until the fall of 1874, when they separated, and she sued for and obtained a divorce.  Davis had previously been married, and in 1874 was in possession of the prop-

erty with his family. His former wife died in 1873, leaving two children, Lou Ida and Mollie O. The petitioner was never in personal possession of the property, but Davis continued in possession, " as guardian " for her and the children, up to the time C. C. Morris took possession as such guardian, and he held up to the time of his death. Morris and Davis, as trustees and guardians for the children, have held since. In 1875 or 1876, the petitioner placed her claim in the hands of certain attorneys, but nothing was done with it, and she placed it in the hands of her present attorney. She never gave in the property for taxation, because she was advised by her attorney that it was not necessary, as the other co-tenants were in possession of it and would pay the taxes. She had $4,000 at the date of her marriage with Davis.

On behalf of the defendants, John T. Morris testified that L. H. Davis, as guardian for his children, was in possession of the property in 1873, and so continued until 1877, when he was succeeded as guardian by C. C. Morris, and he remained on the property as the tenant of the guardian until 1880, when Morris died, and the defendants, as trustees or guardians for the children, had been in possession ever since.

On January 4, 1868, C. C. Morris made a deed to Mrs. Lizzie E. Davis (the former wife of L. H. Davis), conveying part of the land in dispute, fronting twenty-seven feet on Forsyth street, for the expressed consideration of $400. On January 31, 1870, L. H. Davis made a deed of gift to his then wife, Lizzie E. Davis, for the support of herself and her present and future children, conveying the other part of the disputed property, fronting twenty-five feet on Forsyth street. Lizzie E. Davis died in 1873. On January 10, 1874, L. H. Davis made a deed to the petitioner (his second wife) on the expressed consideration of $400, conveying the property in dispute and other property.

On April 3, 1877, the sheriff made a deed to Alfred Austell, conveying the entire property for the expressed

consideration of $53.20. This was based on a sale under a state and county tax *fi. fa.* against L. H. Davis, guardian for his children, the amount of taxes being $43.50. The advertisement of this sale was published on Tuesday, March 6, Sunday, March 11, Sunday, March 18, and Tuesday, March 27, 1877. The levy described the land as follows:

"A lot and the improvements thereon on Forsyth street in the first ward of the city of Atlanta, adjoining the property of Seago and Grant, part of land lot No. 77 of the 14th district of originally Henry, now Fulton county, Georgia, containing fifty-five feet by seventy feet, more or less, as the property of L. H. Davis, guardian for children."

On November 2, 1874, Austell made a deed conveying the entire property to T. H. Selman and R. D. Smith. On January 17, 1879, Selman and Smith made a deed to U. C. Morris.

The jury found for the petitioner one-third interest in the lot having 27 feet front and one-ninth interest in the lot having 25 feet front. The defendant moved for a new trial, on the following grounds:

(1) and (2.) Because the verdict was contrary to law and evidence.

(3.) Because the court refused to submit to the jury the issue made by the defendants' claim to a prescriptive title to the premises, and should have charged upon the subject of color of title and possession to perfect such color of title, as requested by defendants.

(4.) Because the court charged as follows: "If you shall believe from the evidence that the sheriff's advertisement, which brought the property to sale for taxes, ran less than four weeks before the day of sale, or that one or more of said weekly advertisement, which were necessary to make the requisite number, were published on Sunday, then the purchaser at such sheriff's sale would get no title, whether such purchaser, at the time of such purchase, had notice or not; that said property had not been advertised according to law by said sheriff before said sale; that such sale

was void, and passed no title, and that such purchaser could pass no title to a subsequent *bona fide* purchaser from him. There could be no such person as a *bona fide* purchaser at such sale. It was his duty to see that the sheriff had advertised said sale according to law, and that he could not protect his purchase by want of notice of such failure upon the part of the sheriff."

(5.) Because the court erred in holding that the deed made by L. H. Davis to his wife, Lizzie E. Davis, and her children, dated 31st January, 1870, conveyed such an interest to her in the property therein described as would pass to her heirs at her death.

The motion was overruled, and the defendants excepted.

JOHN COLLIER, for plaintiffs in error.

T. P. WESTMORELAND, for defendant.

JACKSON, Chief Justice.

Mary A. Davis filed in the superior court of Fulton county a petition for partition of certain property on Forsyth street in Atlanta, alleging that she was tenant in common with Lou Ida and Martha O. Davis, minors, who were represented by trustees and guardians. The defendant denied the tenancy in common, and on that issue was joined, and the jury found for the plaintiff. On the denial of a motion for a new trial, the defendants excepted, and the case is before this court for review.

1. "There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession." Code, §2303. There is no proof in this record of actual ouster of Mrs. Davis, or of exclusive possession after demand by her, or of express notice to her of adverse possession against her claim of tenancy in common. Therefore, if she ever was a tenant in common with Lou Ida and Martha O., there is no evidence on which a charge, sub-

mitting the question of adverse possession for seven years, and thereby presumptive title, against her could be predicated. So there was no error in refusing, or rather omitting, to present that question to the jury.

2. Whilst an innocent purchaser for value is protected from irregularities in the time of advertising in sales by the sheriff under state and county tax *fi. fas.*, as under executions issued on judgments, yet where the levy is excessive and the advertisement is a wholly inadequate and incomplete description of the real estate to be sold for such taxes, the levy is void, the sale is illegal, and no title passes to the purchaser. The purchaser at all judicial sales "depends upon the judgment, the levy and the deed." He must see to these, and guard himself against their illegality. 11 *Ga.*, 423, 5th head-note.

In this case, the levy is on an entire piece of property, consisting of two separate portions derived from different titles, one embracing twenty-seven feet front on Forsyth street, and the other twenty-five feet front; either would have brought more than the taxes. For one, four hundred dollars had been given. It was excessive to levy and sell the other with it in one lump for some fifty dollars of taxes. 25 *Ga.*, 103; 72 *Id.*, 637; 52 *Id.*, 164.

Therefore, giving to the sale under this state and county tax execution the same force to protect purchasers as if made under executions on regular judgments, by virtue of Code, §§890, 893, *Byars et al. vs. Curry et al.*, decided at this term, we hold this sale void, because the levy is excessive and voids the sale.

3. The only question remaining necessary to uphold the verdict relates to the construction of the deed from L. H. Davis to his first wife, Lizzie E. Davis, and her children, dated 31st of January, 1870. In our judgment, this deed conveyed the fee to Mrs. Davis and the children, and when Mrs. Davis died, her husband inherited one-third of her interest, making one-ninth of that twenty-five foot front lot his, and this was conveyed by him to the second wife,

the defendant in error. The words of the deed are, after stating the consideration of love and affection,

" Have this day given, granted and sold to said Lizzie E. Davis, for the support of herself and her present and future children, the following described real estate . . . to have and to hold the same in fee simple for the purpose aforesaid."

By section 2248 of our Code, "every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance." No less estate is limited here, but the estate is to be had and held in fee simple for the support of mother and children.

These views make it unnecessary to examine other points. If we are right in them, the evidence required the verdict, and the judge was right to refuse a new trial.

Judgment affirmed.