HARRY L. WINTER INC. *v.* FIRST NATIONAL BANK OF QUITMAN.

GILBERT, J. 1. Where two creditors of a common debtor, who is insolvent, each has, relatively to the other, the highest lien, each having a security deed upon distinct property belonging to such debtor, and there is outstanding against the debtor a tax execution issued generally, the burden of discharging the lien of the tax execution should, as a general rule, upon equitable principles, be apportioned between the two lien creditors by making each of the separate properties liable ratably for its proportion of the whole amount of the taxes according to the respective valuations at which the properties were assessed and returned for taxation. *Brooks* v. *Matledge,* 100 *Ga.* 367 (28 S. E. 119).

2. The fact that one of the lien creditors reduced his debt to judgment, subjected thereto the property covered by his lien, and, buying in the property, secured a sheriff's deed thereto prior to the issuing of the tax fi. fa., and the fact that the other creditor has not sued his debt to judgment, "does not affect the equity which requires a division of this tax burden ratably between them." *Brooks* v. *Matledge,* supra, 370.

3. *Merchants &c. Bank* v. *McWilliams,* 107 *Ga.* 532 (33 S. E. 860), *Askew* v. *Scottish &c. Co.,* 114 *Ga.* 300 (40 S. E. 256), *Noles* v. *Few,* 155 *Ga.*

Mortgages, 41 C. J. p. 523, n. 75.
Taxation, 37 Cyc. p. 1145, n. 35.

471 (117 S. E. 374), cited by plaintiff in error, were cases where property was sold and conveyed by a common grantor at different times to different persons as holders of absolute title, or where purchasers were treated as such; and not where taxes accrued when different creditors held liens of relatively the same priority.

4. The court did not err in refusing to allow the amendment offered by the plaintiff, setting up the payment by plaintiff of taxes in previous years and not included in the tax fi. fa. levied.

.· *Judgment affirmed. All the Justices concur.*

No. 5815. JUNE 20, 1927.

Claim. Before Judge W. E. Thomas. Brooks superior court. November 10, 1926.

Knight executed a security deed to land to the Sessions Loan & Trust Company, to secure borrowed money, on November 20, 1919. This indebtedness together with the security deed was later transferred to Harry L. Winter Incorporated. Knight also borrowed money from the First National Bank of Quitman in 1921 and executed a security deed on personal property to secure the same. Harry L. Winter Inc. sued its note to judgment with a special lien on the land included in its security deed, July 10, 1922. Execution issued and was recorded on the general execution docket on the same day. On February 19, 1924, the tax fi. fa. against the property for 1923 was transferred to Harry L. Winter Incorporated. On August 23, 1922, that corporation executed a quitclaim deed to Knight, for purposes of levy and sale. On September 21, 1923, a fi. fa. was levied, and in November, 1923, the land was sold by the sheriff and bought in by Harry L. Winter Inc. On December 20, 1923, a general tax fi. fa. was issued against Knight for taxes due on all of the property possessed by him on the first of that year, including the land bought in by Harry L. Winter Inc. and the property contained in the security deed held by the bank. The owner of the property is insolvent, and owns no other property out of which the tax execution can be satisfied. On April 7, 1924, the tax fi. fa. was levied on the personal property above mentioned, and the bank filed a claim based upon its security deed.

The case was submitted to the judge on an agreed statement of facts, without a jury. He rendered a judgment holding that the respective parties were liable for the proportion of tax represented by the comparative values of the respective properties, and "that the said Harry L. Winter Inc. have judgment against the

First National Bank of Quitman, to be made out of the property levied on, in the sum of $11.26, the same being 5.17 per cent. of said fi. fa.; and that the cost of this proceeding be divided equally between the two parties." To this judgment Harry L. Winter Inc. excepted.

*Baum & Baum,* for plaintiff.   *Branch & Snow,* for defendant.