*J. H. Felker,* for plaintiff.

*H. C. Cox* and *Orrin Roberts,* for defendant.

GRIFFIN, sheriff, *et al. v.* LANE.

RUSSELL, C. J. 1. Where several creditors of a common debtor each have, each for himself, taken security deeds on separate and distinct pieces of property (consisting in part of realty and in part personalty), and each creditor has, relatively to the other, the highest lien upon the property title to which has been conveyed to him as security for debt, and taxes thereafter accrue which constitute a lien upon all of the debtor's property, because such property was assessed and returned en bloc, and there is issued against the debtor a tax execution in personam, which thus binds all his property, the burden of discharging the lien of this tax execution should, upon equitable principles, as a general rule, be apportioned between the several lien creditors, by making each separate piece of property liable for its proportion of the whole amount of the taxes, according to the respective valuations at which the properties were assessed and returned for taxation.

2. "The equity which requires a division of the tax burden ratably between them" is not affected by the fact that one of the lien creditors reduced his debt to judgment, caused the execution issuing thereupon to be levied upon the property covered by his lien, and bid in the property at the sale, even though other creditors may not have sued their debts to judgment. However, in the present case all of the lien creditors secured by deed caused the property conveyed to them to be sold.

3. The decision in this case is controlled by the rulings in *Harry L. Winter* v. *First National Bank of Quitman,* 164 *Ga.* 364 (138 S. E. 794), *Phœnix Mutual Life Ins. Co.* v. *Bank of Kestler,* 170 *Ga.* 734 (154 S. E. 247), and *Federal Land Bank* v. *DeLoach,* 172 *Ga.* 281 (157 S. E. 477). Consequently the court did not err in overruling the demurrer in which it was insisted that the property purchased by the defendant in error was liable for the entire tax due by the common debtor for the years 1926 and 1927.

4. The motion for new trial was based only on the general grounds; and the

32

assignment of error on the overruling of that motion, not being referred to in the brief, must be treated as abandoned.

*Judgment affirmed. All the Justices concur.*

No. 9238. MAY 10, 1933.

34

*H. A. Boykin* and *J. Henry Howard,* for plaintiffs in error.
*T. J. Evans,* contra.