JACKSON *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE CO.

BECK, P. J. In *Brooks* v. *Matledge*, 100 *Ga.* 367 (28 S. E. 119), it was held: "Where two creditors of a common debtor, who is insolvent, each has, relatively to the other, the highest lien upon a distinct parcel of real estate belonging to such debtor, and there are outstanding against the latter tax executions issued generally against him in personam and binding both parcels of the realty, the burden of discharging the liens of these executions should, as a general rule, upon equitable principles, be apportioned between the two lien creditors by making each of the two pieces of property liable ratably for its proportion of the whole amount of the taxes according to the respective valuations at which the property was assessed and returned for taxation." This ruling was again made in the case of *Harry L. Winter Inc.* v. *First National Bank,* 164 *Ga.* 364 (138 S. E. 794). See also *Federal Land Bank* v. *Farmers and Merchants Bank,* 177 *Ga.* 505 (170 S. E. 504). Applying the rule there stated, the court below did not err in rendering the judgment excepted to, it appearing that Mrs. Granger, the maker of the two security deeds in question, was insolvent.

> *Judgment affirmed. All the Justices concur.*

No. 9792. FEBRUARY 15, 1934.

439

*G. C. Bidgood,* for plaintiff in error. *Charles E. Baggett,* contra.