24875.   WILLIAMS *v.* AYCOCK.

DECIDED JANUARY 14, 1936.

*Tye, Thomson & Tye, R. A. Edmondson Jr., Edwin L. Sterne,* for plaintiff.

*George B. Rush,* for defendant.

SUTTON, J.   This case was transferred to this court by the Supreme Court, for the reason that it was an action for monetary damages on account of trespass, and was not a case in which the equitable writ of injunction would lie, nor was the title to land directly involved. *Williams* v. *Aycock,* 180 *Ga.* 570 (179 S. E. 770).

1.   Where it appeared from the allegations of the petition that the plaintiff's grantor owned a large lot of land on which there was a house, and the City of Atlanta passed an ordinance improv-

ing the street in front thereof and authorizing an assessment of abutting property; and where thereafter the plaintiff purchased about two thirds of such land, and divided it into two lots, and built a house on each; and thereafter the assessment against the original owner was unpaid, and an execution issued, directing the marshal of the city to levy upon sufficient of the property of the original owner, the plaintiff's grantor, to satisfy the amount of the assessment, which execution was levied on the entire lot, including the plaintiff's property; and a sale was made pursuant thereto, and the property was purchased by the defendant's predecessor in title, and a marshal's deed to the property was delivered to him; and where it appeared that the property remaining in the original owner at the time of the levy was worth $3000, that the part conveyed to plaintiff was worth $4000, and that the amount of the execution was $201, a case of grossly excessive levy of the execution was made out, the property remaining in the original owner being more than sufficient to satisfy the execution. *Doane* v. *Chittenden,* 25 *Ga.* 103; *Verdery* v. *Dotterer,* 69 *Ga.* 194; *Morris* v. *Davis,* 75 *Ga.* 169; *Roser* v. *Georgia Loan &c. Co.,* 118 *Ga.* 181 (44 S. E. 994); *Stark* v. *Cummings,* 119 *Ga.* 35 (45 S. E. 722), s. c. 127 *Ga.* 107 (56 S. E. 130), 132 *Ga.* 346 (63 S. E. 857); *Williams* v. *Forman,* 158 *Ga.* 89 (5) (123 S. E. 20); *Planters Bank* v. *Georgia Loan & Trust Co.,* 160 *Ga.* 107 (127 S. E. 413); *Stowe* v. *Birmingham Trust &c. Co.,* 161 *Ga.* 403 (131 S. E. 44). Consequently, under the allegations of the plaintiff's petition, the marshal's sale of the premises so levied on was void and passed no title to the purchaser. See cases cited above; also *Brantley* v. *Hicks,* 177 *Ga.* 812 (171 S. E. 451); *Davis* v. *Elliott,* 163 *Ga.* 169 (2) (135 S. E. 731). Where a municipal-assessment execution sale is void, the purchaser obtains no title as against the true owner. *Brumby* v. *Harris,* 107 *Ga.* 257 (33 S. E. 49); 44 C. J. 870. The purchaser at such sale, having no title, could transmit none to the defendant. *Richards* v. *Edwardy,* 138 *Ga.* 690 (76 S. E. 64), and cit.; *Burdette* v. *Johnson,* 50 *Ga. App.* 38 (176 S. E. 909).

2. "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." Code of 1933, § 105-1401. Therefore "the person having

title to lands, if no one is in actual possession under the same title with him, may maintain an action for a trespass thereon." § 105-1404. Where the trespass is a continuing one, the plaintiff may recover for damages up to the time of the action. § 105-1406.

(a) Where the plaintiff has the legal title, even though out of possession, he may maintain trespass. *Gaskins* v. *Gray Lumber Co.*, 6 *Ga. App.* 167, 168 (64 S. E. 714). Under the allegations of the petition, the plaintiff held the legal title to the premises, and could maintain an action for trespass against one committing a trespass against his title and right to possession. See *Allen* v. *Potter*, 153 *Ga.* 24 (111 S. E. 549) ; *Atlantic & Gulf R. Co.* v. *Fuller*, 48 *Ga.* 423; *Ault* v. *Meager*, 112 *Ga.* 148 (37 S. E. 185) ; *Clower* v. *Maynard*, 112 *Ga.* 340 (37 S. E. 370) ; *Fender* v. *Gardner*, 153 *Ga.* 460 (112 S. E. 368) ; *Moore* v. *Vickers*, 126 *Ga.* 142 (54 S. E. 814).

(b) This case is not within the principle laid down in *Scott* v. *Mathis*, 72 *Ga.* 119, in that the defendant in this case, unlike the defendant in that case, under the allegations of the petition has not the legal title to the premises. If the plaintiff's allegations are true (and they must be so taken on general demurrer), the defendant had no title to the premises, the deed from the marshal to his predecessor in title conveying no title, on account of the void sale.

It follows that the petition set out a cause of action for recovery of whatever damages plaintiff sustained by reason of the alleged trespass, and the court erred in dismissing it on general demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*