### CLARK *v.* C. T. H. CORPORATION; *el vice versa.*

711

Nos. 10871, 10872. FEBRUARY 19, .1936.

*S. B. Lippitt,* for Clark.
*Leonard Farkas* and *Walter H. Burt,* contra.

RUSSELL, Chief Justice. In 1928 Hodges executed to Bayliss a deed with power of sale, as security for a loan of $4,000, conveying real estate in Albany, Georgia. The property was acquired by Mrs. Story subject to the security deed of Bayliss. In 1933 there were outstanding against her executions for state and county taxes due for the years 1931 and 1932. The sheriff of Dougherty County levied the 1931 execution on the entire property described in the security deed, and after due advertisement sold it on August 1, 1933, to Howard Clark for $88.46, this being the amount due on the two executions and expense of levy, advertisement, etc. The following day the sheriff executed to Clark his deed to the property, and this deed was recorded on August 11, 1933. On November 7, 1933, Bayliss sold the property under the power of sale in the security deed executed by Hodges, and it was bid in by C. T. H. Corporation, "a holding corporation organized for the purpose of buying in property held by various note-holders under security deeds, where there has been a default in payment of the amount due." At the time of this sale one Jenkins was renting the property, and paid rent to the corporation until about October 15, 1934, when Clark notified Jenkins that he had purchased the property at the sheriff's sale. Thereafter Jenkins remained in possession of the property, but declined to pay rent until he should be advised by the court to whom to make payment. On February 26, 1935, the C. T. H. Corporation filed a petition against Clark, praying that the sheriff's deed of August 1, 1933, under which Clark claimed title to the property therein described, be declared void, and that the petitioner's title be decreed to be superior to that of the defendant. In addition to the facts stated above, the petition alleged: The propery levied on under the tax execution consists of a lot on Second Street in the City of Albany, 60 feet wide and 150 feet deep. On said land is a dwelling-house with a vacant space of 9 feet on each side. In the rear of the 9-foot strip on the east of the house is a garage of the value of $300 to $400. The value of the property claimed by the defendant at the time of the sale was $7500, and the value of the equity of Mrs. Story was $4500; the value of the 9 feet on the west side of the house was $250, and the value of the 9 feet on the east side with sufficient ground in the rear to take in the garage was $550. The amount of taxes due on said executions, including cost of sale, was $88.46.

The defendant paid at sheriff's sale $88.46, and claims by virtue of said sheriff's deed the fee-simple title to said house and lot of the reasonable value at the time of sale of $7500. He is claiming title to the property and is threatening and intends to take charge thereof under the sheriff's deed.

The defendant filed general and special demurrers to the petition. An amendment was filed by plaintiff to meet one ground of special demurrer, and thereafter a second amendment was filed, alleging that only the equity should have been levied on. The defendant renewed his demurrers. The court overruled all grounds of general demurrer, but sustained some special grounds and overruled others. The defendant excepted, assigning error on the judgment on the demurrers which were overruled. The plaintiff by cross-bill of exceptions assigned error on the ruling by which certain paragraphs of its petition were stricken on special demurrer.

We shall first deal with the rulings in which the court sustained the special demurrers filed by the defendant.

■ In paragraph 11 of the petition it is alleged that the defendant is clerk of the superior court of Dougherty County, and knew or should have known at the time he purchased at said sale that the security deed referred to was still outstanding. This paragraph was not subject to the demurrer on the ground that it was irrelevant and immaterial. The clerk of the superior court has the same constructive notice of the record of deeds as other citizens. Constructive notice is notice to the world, including the clerk of the superior court.

■ In paragraph 12 it is alleged that the sheriff levied on and it was his intention only to sell "the interest in said property owned by Mrs. Story, which was a fee simple, subject to the Bayliss security deed." This was demurred to as an erroneous conclusion of the pleader, too vague and indefinite, and immaterial. It was subject to the objection that it was an erroneous conclusion of law, and certainly, so far as it attempted to state what was the intention of the sheriff, it was a mere conclusion of fact entirely unsupported by averments of fact from which an intention might be inferable.

■ Paragraph 13 alleges that the levy by the sheriff was void in that it did not describe what estate or interest was levied on.

The demurrer is that this allegation is an erroneous conclusion of law, irrelevant and immaterial, and an opinion of the pleader. We think the court erred in sustaining this demurrer. The entry of levy stated: "Levied on as the property of the defendant." "The interest of the defendant must also be plainly set forth in the entry of levy. It is not sufficient that the entry recites that 'the interest,' or 'all the interest' of the defendant in fi. fa. is levied on, but it should disclose with reasonable certainty what that interest is. When there is only one defendant in fi. fa., and the entry recites that the land is levied on 'as the property of the defendant,' it is sufficient and will be construed as an assertion that the defendant in fi. fa. is the owner in fee simple; but if there be more than one defendant named in the fi. fa., such an entry would be too indefinite; it should go further and disclose either that the land is levied on as the common property of all the defendants, or as the individual property of one or more of them." Powell on Actions for Land, 284, § 227; *Torbil* v. *Jones,* 145 *Ga.* 610 (89 S. E. 696); *Williams* v. *Baynes,* 84 *Ga.* 116 (10 S. E. 541); *Whatley* v. *Newsome,* 10 *Ga.* 74.

■ Paragraph 20 alleges that the execution levied was in personam and not in rem, and therefore only the equity was intended to be sold, but said sale was void by reason of the defective levy (a) in not describing the interest or estate levied on, and (b) by selling under two fi. fas., no levy having been made by virtue of the execution issued for the 1932 taxes. The demurrer is that this paragraph is irrelevant and immaterial and an erroneous conclusion and opinion of the pleader. In view of what has been said in regard to paragraph 13, it remains to be seen whether the last proposition that there were two fi. fas., and an entry of levy was made upon only one of them, affected the validity of the deed under which the defendant claimed title. The plaintiff could not be injured by striking that portion of the allegation of paragraph 20; for, properly construing the petition, it was admitted that the fi. fa. on which no entry of levy was made was in the hands of the sheriff, and that presumptively the amount of the fi. fa. would be retained by the sheriff and paid to the plaintiff in fi. fa. on that execution, even though no levy were made or entry of levy entered.

■ Paragraph 24 alleges that the sheriff did not notify the petitioner or its predecessor in title of the levy, nor was the tenant in possession notified. This paragraph is demurred to as irrelevant and immaterial, an erroneous conclusion of law, too vague and indefinite, and an opinion of the pleader. This demurrer was properly sustained. The failure to give notice to the tenant in possession is a mere irregularity. The duty of the sheriff to give notice is directory, and not mandatory. "The law requiring the officer making a levy on real estate to give the tenant in possession written notice of the levy, is directory to the officer; and a failure to give such notice does not affect the title acquired by a bona fide purchaser of the property under such levy. If any injury is sustained by reason of such failure to give notice, it is a matter between the party injured and the officer making the levy and failing to give the notice." *Solomon* v. *Peters, 37 Ga.* 251 (2) (92 Am. D. 69). "The purchaser at judicial sales is not bound to . . see that the officer has complied fully with all those regulations prescribed in such cases. All such irregularities create questions and liabilities between the officer and parties interested in the sale. The innocent purchaser is bound only to see that the officer has competent authority to sell, and that he is apparently proceeding to sell under the prescribed forms." Code of 1933, § 39-1311.

■ The court overruled special demurrers directed to paragraphs 2, 18, 19, 21, 22, 23, and 25 of the petition. The demurrer to paragraph 2 was cured by the first amendment. Paragraph 18 alleges that it was the duty of the sheriff, "as it was his intention, to levy on the equity of Mrs. W. M. Story in said property, which was more than ample to take care of the taxes due, including all cost and expenses incident to said sale." The demurrer to this paragraph is that this allegation is irrelevant and immaterial, an erroneous conclusion and opinion of the pleader, too vague and indefinite. We are of the opinion that this demurrer should have been sustained.

■ Paragraph 19 is as follows: "If, in the opinion of the sheriff, the equity in said property was insufficient, then it was his duty, first, to levy upon the 9 feet and garage, which was of the value of $550 at the time of the sale, and was more than sufficient to pay all taxes, cost, and expenses of the sale due. In the event

this was insufficient, then the 9 feet on the west side should have been levied on, to make up any deficiency." This paragraph may be demurrable, but not on the ground asserted, which was the same as that made against paragraph 18 above. The court did not err in overruling this demurrer.

■ Paragraph 21 alleges that "if the court should construe the sheriff's deed as conveying the fee-simple title in said property to defendant, the same would constitute a legal fraud, because it was the duty of the sheriff to sell the equity of Mrs. Story, if it was in his opinion sufficient to bring the amount due, before selling the fee-simple title; and petitioner alleges that it was the opinion of the sheriff that said equity was of sufficient value to bring the amount due on said tax execution." The demurrer is that this allegation is irrelevant and immaterial, an erroneous conclusion of law, and a conclusion of the pleader. We think the court erred in overruling this demurrer, and that paragraph 21 should have been stricken.

■ Paragraph 22 alleges: "If the court should hold that the tax deed attempted to convey the fee-simple title, that the same was illegal and an error on the part of the sheriff, which would work an unconscionable advantage to defendant and a tremendous injustice and injury to petitioner, and will be set aside by a court of equity." The ground of demurrer was the same as that directed to paragraph 21. We think the court erred in overruling this demurrer. It appears from the allegations of the petition itself that the plaintiff obtained its deed three months after the property had been sold by the sheriff on August 1, 1933, and that this sheriff's deed was recorded on August 11, 1933. It would seem that in the exercise of ordinary diligence a purchaser of property of the value of $7500 would have had enough care for his interest to inquire what was the status of the taxes upon the property purchased by him; for he is bound by law to know that liens for taxes are first liens. Furthermore, it appears from the petition that the plaintiff not only omitted to make any inquiry as to the amount of lien for taxes, if any, but that after it was charged with constructive notice of the sale from the time of the record of the tax deed on August 11, 1933, and had several months in which it could have exercised the power of redemption by the payment of the taxes with the penalty provided by law, it did not care to avail

itself of that right. From this it appears to us that no unconscionable advantage was taken of the plaintiff, but that it suffers from its own incomprehensible negligence. Experience is a dear teacher, but some scholars will go to no other.

■ It is alleged in paragraph 23 that "if the court should construe the sheriff's deed as conveying a fee-simple title, the same would be void, because of an excessive levy, said property being of the value of $7500 at the time of the sale, and that all taxes due, including cost and advertisement, was only $88.46." The grounds of demurrer were the same as those taken against paragraphs 21 and 22. We are of the opinion that the demurrer was well taken. The petitioner does not allege that the levy was excessive, but only that if the court should hold it to be such it would be void. This is mere argument, which can only result in a conclusion of the pleader. If the plaintiff had alleged that from the facts stated the levy was excessive and a sale thereunder void, that would have been such a statement of fact as that the demurrer could not well have admitted it to be true.

■ Paragraph 25 is neither irrelevant nor immaterial, nor a conclusion of the pleader built upon unstable foundations. It alleges that "petitioner has tendered to defendant the full amount due for taxes, cost, expenses, penalty, interest, and all other legal cost, in that petitioner has tendered $200, which is more than sufficient to take care of any amount due, and now makes a continuous tender of any amount that the court may determine should be paid." He who would have equity must do equity, and equity would not lend an ear to one who asked for relief of the kind prayed for here, who was not willing to restore to the purchaser at the tax sale whatever might have been expended by him, with such penalty and interest as are provided by law. The court did not err in overruling this ground of demurrer. In *Ellison* v. *Ga. R. Co.*, 87 *Ga.* 691 (13 S. E. 809), Chief Justice Bleckley, after referring to the tender regard for a demurrer "insinuated from the bench nearly two hundred years ago," when, as said by Lord Holt, "It would be hard to spoil the defendant's demurrer," declared: "But is not a general demurrer too diabolical to have any claim upon modern emotion? Stated in the most partial terms, its merits would seem to stand thus: 'Demurrer is the only legal devil always present and always ready; every logical universe requires

one such character; some destructive work has to be done; and how can it be done if there is only resistance, no co-operation, not even sympathy?' But the spirit of modern procedure is alto-gether constructive and conservative; and though it gives the devil his due, it takes care to restrict his dues as much as possible."

In spite of all the demurrers, the petition set forth a cause of action. According to the allegations of the petition, the lot sold by the sheriff had a frontage of 60 feet on a named street in the heart of the residential section of the city of Albany, and the dwelling-house occupied but 42 feet in the center of the lot, thus leaving on each side of the house a strip 9 feet wide, running from the street the entire depth of the lot. One of these strips is alleged to have on it a garage, and the land with the garage was of the value of $550 at the time of the levy. A similar strip on the other side of the house is alleged to have been of the value of $250. The amount of both tax fi. fas. in the hands of the sheriff, plus advertising and other cost, was less than $89. Consequently, if the sheriff had done his duty, he would have levied on only one or the other of these accessible strips of land. If the levy is excessive it is void; and the court did not err in overruling the general demurrer. The issue raised by the allegation that the levy was excessive can not be settled by the court upon demurrer. It must be submitted to a jury, under proper instructions by the court.

*Judgment on each bill of exceptions affirmed in part and reversed in part. All the Justices concur.*