DURHAM *v.* SMITH, commissioner, *et al.; et vice versa.*

Nos. 12340, 12345.   SEPTEMBER 15, 1938.

*Tolnas & Middlebrooks,* for plaintiff.

*W. W. Armislead* and *E. P. Shull,* for defendants.

HUTCHESON, Justice. 1. In view of the Code, § 92-7401, declaring that executions issued by the tax-collector for nonpayment of taxes "shall be directed to all and singular the sheriffs and constables of this State," and § 92-7406, declaring that "executions may be levied by either of the officers to whom directed, or other officers who by law may be authorized in their place," and § 39-103, providing that "the officer making the levy shall enter the same on the process by virtue of which such levy is made," it is not necessary, where as in the instant case tax executions are levied by a deputy sheriff, that the entry of levy upon the execu-

tions be signed by the sheriff or by some one legally authorized to sign his name for him.

2. "He who would have equity must do equity, and give effect to all the equitable rights of the other party respecting the subject-matter of the suit." Code, § 37-104. Ordinarily, before one would be entitled to have a tax sale set aside and the deed executed by the sheriff to the purchaser at such sale canceled on the ground that the levy of the execution was excessive, he must tender to the purchaser at such sale the amount paid by such purchaser, with interest. *Bibb County* v. *Elkan,* 184 *Ga.* 520 (2) (192 S. E. 7); *Clark* v. *C. T. H. Cor.,* 181 *Ga.* 710 (11) (184 S. E. 592).

3. The fact that the tax sale in the instant case is not specifically attacked on the ground that the levy of the execution was excessive, but is attacked on the ground that the sheriff failed to sell the realty levied on according to the advertisement of sale which recited that so much of the realty levied on would be sold as was sufficient to satisfy the executions, and instead sold the realty in bulk although the realty was capable of subdivision into lots or tracts less than the whole, which could have been sold for the amount of the executions, would not prevent the application of the foregoing equitable principle.

4. Whether or not the county, the purchaser at the tax sale in the instant case, for the amount of the executions, interest and costs, is a plaintiff in execution so as to come within the ruling in *Forbes* v. *Hall,* 102 *Ga.* 47 (28 S. E. 915, 66 Am. St. R. 152), that a tender is not necessary where the purchaser is the plaintiff in execution, it is not necessary to decide; for if the county is a plaintiff in execution within the meaning and import of the ruling in the *Forbes* case, it is such only to the extent of the portion of the taxes due as represented by the executions; and the executions in the instant case having been issued for taxes due both the State and county, and it not appearing from the petition what portion of the executions represents taxes due the State or what portion represents taxes due the county, or that the amount tendered is sufficient to cover the amount of taxes due the State as represented by the executions, the petition fails to allege a sufficient tender, as a prerequisite to the relief sought.

5. Code § 92-5712 (Ga. L. 1931, p. 122; 1933, p. 50), which declares that "The owner or the holder of any equity, lien, or in-

terest in or on property returned or assessed with other property for taxes shall be allowed to pay the taxes assessed against any one or more pieces of such property, (a) when listed separately by the owner or assessor on the tax return or digest, according to the valuation shown by said return or assessment, (b) when not listed separately on the tax return or digest by the owner or assessor, by paying the proportionate part of the taxes represented by such property according to the valuation in the return or assessment; that is to say, such proportionate part of all of such taxes represented by such return or assessment as the value of such separate piece of property (upon which payment is being made) bears to all of the said property in such return or assessment," and the officials charged with the collection of taxes or the transferee of said tax liens shall be required to accept payment and execute a release of said property from such lien for taxes, and "This law shall apply to taxes accruing before its passage as well as to taxes accruing thereafter," has no application to the amount necessary to be tendered to the purchaser at a tax sale by one seeking to have the sale set aside and the sheriff's deed to the purchaser canceled on the grounds above set forth, and the statute does not effect a modification of the equitable principles heretofore stated.

6. Upon application of the foregoing rulings to the instant case wherein executions for several years taxes, each issued for the collection of State and county taxes assessed and due against several parcels of real estate, were levied on one of such parcels, and the property levied on was sold to the county and tax deed executed pursuant thereto, the petition alleging that the sale was void on the grounds previously stated, and tendering to the purchaser at the tax sale only the pro rata amount of the taxes due as against the property sold and one other of the several parcels against which the taxes were due, which amount was less than the amount paid by the purchaser at the sale, failed to allege sufficient tender to entitle the petitioner to the relief sought. The court did not err in dismissing the action on demurrer.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*