28491. McNAIR *v.* MAXWELL BROTHERS *et al.*

Decided November 14, 1940.

*Frederick B. Tyler, L. W. Cooper,* for plaintiff in error.
*Hammond, Kennedy & Yow,* contra.

Felton, J. S. D. McNair filed in the municipal court of Augusta a petition against Maxwell Brothers, a partnership, and certain officers of the court. It was alleged that petitioner purchased from Maxwell Brothers certain household and kitchen furniture under a retention-of-title contract; that he defaulted in the payments thereunder, and Maxwell Brothers foreclosed it in the municipal court; that the execution issued on the foreclosure included articles of furniture which were not embraced in the retention-of-title contract which was foreclosed; and that these articles, not in-

cluded in the contract, were illegally levied on, sold, and bought in by the partnership, all without the knowledge of the petitioner. The prayer was, that rule nisi issue requiring the defendants to show cause why said summary execution, levy, advertisement, and sale should not be declared irregular, illegal, and void, and that the property be restored to petitioner. General and special demurrers to the petition were sustained, and the action was dismissed. The plaintiff excepted.

The court did not err in sustaining the demurrers, because the petitioner was not entitled to the relief sought in this kind of a proceeding. The petition can not be regarded as a trover suit, because an adjudication of a trover suit is not authorized upon the issuance of a rule nisi as in this case. If the municipal court of Augusta had authority to declare the entire execution, levy, and sale illegal and void, the petition shows on its face that they were not illegal or void as a whole, and could not be so declared by any court, law or equity. If the import of the petition was to afford any kind of affirmative relief, such as cancellation of the execution, levy, and sale, the municipal court of Augusta was without authority to try it. If the import of the petition was merely to have the execution, levy, and sale declared ineffective as to the property alleged not to have been named in the contract, the answer is that there is no provision of law for such a procedure. No judgment was attacked, and the only use which could have been made of an order granting the relief sought would have been its use as authority in another appropriate proceeding for recovery of the property. These questions can be determined in the one action, and we know of no law which authorizes the procedure pursued in this case. It was not error to sustain the demurrers and to dismiss the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*