## TANNER *v.* WILLIAMSON.

No. 15126. APRIL 4, 1945.

*D. B. Howe* and *C. V. Driver,* for plaintiff in error.
*H. J. McBride,* contra.

WYATT, Justice. R. W. Williamson filed suit against H. E. Tanner for the recovery of described real estate. The petition, as finally amended, alleged that title to the property was vested in Williamson, and that Tanner wrongfully withheld possession thereof. An abstract of Williamson's alleged title was attached. Tanner defended on the theory that he was in possession and that

Williamson had no title. He neither pleaded nor proved title in himself. The jury returned a verdict in favor of Williamson. The exception is to the judgment overruling a motion for new trial filed by Tanner.

■ Williamson introduced in evidence a deed executed by R. C. Holcombe, as administrator of the estate of Mary E. Liner, to H. W. Liner, dated March 6, 1918; a deed from H. W. Liner to J. M. Williamson, dated March 30, 1929; a deed from C. P. Massey, sheriff, to R. W. Williamson, dated October 7, 1941, together with an execution against J. M. Williamson in favor of R. W. Williamson, which was a special lien against described property, and under which the property was sold by the sheriff and purchased by R. W. Williamson.

The evidence disclosed that Mary E. Liner was in possession of the property at the time of her death, and that it was administered and sold as the property of her estate; that H. W. Liner bought the property and went into possession on March 6, 1918, and remained in possession until he sold the property to J. M. Williamson on March 30, 1929; whereupon J. M. Williamson went into possession and remained in possession until 1936, and since that time H. E. Tanner has been in possession. This evidence, provided the deeds and the execution properly described the property in controversy and nothing further appeared, demanded a verdict for the plaintiff. Nothing further did appear. The defendant simply defended the suit on his possession and his contention that the plaintiff had no title. The plaintiff in error contends that the verdict is not supported by the evidence for the reason that the deeds and the execution do not describe the property sued for. The property sued for is described as follows: "All that tract or parcel of land lying and being in the 8th district and 5th section of said Haralson County, being a certain tract of land containing sixty-six and two-thirds acres, more or less, in land lot No. 245, beginning at a point on the north line of said lot 60 rods east of the northwest corner, running thence east along said line 60 rods; thence south across the entire lot to the original line; thence west along said south line 60 rods; thence north to point of beginning. Same being the middle one third of said lot, said lot being divided into three parts, line running north and south. The description of lands as above is meant to convey the said and

same lands as described in deed from H. W. Liner to J. M. Williamson, dated March 30, 1929." The documentary evidence above referred to in this opinion substantially followed this description, except that in the execution under which the land was sold, the levy, and the advertisement of sale (introduced by the plaintiff in error), where the word "west" appears the word "east" was used. It is contended that for this reason the evidence does not describe the property sued for, and therefore that the verdict is not supported by evidence.

"A description in a deed of the property conveyed is sufficiently certain when it shows the intention of the grantor as to what property is conveyed, and makes the identification practicable." *Union Central Life Ins. Co.* v. *Smith*, 184 *Ga.* 158, 162 (190 S. E. 651). See also *Andrews* v. *Murphy*, 12 *Ga.* 431; *Holder* v. *Jordan Realty Co.*, 170 *Ga.* 764 (154 S. E. 353); *Bibb County* v. *Elkan*, 184 *Ga.* 520 (192 S. E. 7). "While it has been said that the function of a description of the property in conveyances is to identify the land covered by the conveyance, it is generally held that the office of a description is not to identify the land but to afford the means of identification, and when this is done it is sufficient. Generally, therefore, any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification." 26 C. J. S. 210, § 30 (a). Words used by mistake may be read differently. "Northeasterly" may be read "northwesterly." Maryland Construction Co. *v.* Kuper, 90 Md. 529 (45 Atl. 197). "Westwards" may be read "northwards." Ferguson *v.* Freeman, 27 Grant Ch. (U. C.) 211.

In the instant case all deeds introduced in evidence properly described the property. The execution gave the proper starting point, the correct number of the district and lot, the correct number of acres, and described the property as "being the middle third of said lot," and referred to the deed from H. W. Liner to J. M. Williamson as describing the same property, in which deed it was properly described. The levy simply recited that the property described in the execution had been levied upon. The advertisement of sale recited all of the above, except that it did not refer to the property as being the middle third of the lot, and did not refer to the description as contained in any former deeds, but did recite, "Levied on and to be sold as the property of J. M. William-

son under and by virtue of a mortgage fi. fa. issued from Haralson superior court in favor of R. W. Williamson against J. M. Williamson." In the mortgage fi. fa. the property was described as the middle third of the lot, and the deed from H. W. Liner to J. M. Williamson was referred to. Under all the facts and circumstances of this case, it would seem that the use of the word "east," when the word "west" should have been used, was either a mistake or a typographical error, and that this would be apparent to the casual observer. We fail to see how anyone could have been misled as to the property that was to be, and was, sold. We conclude, therefore, that the evidence not only supported but demanded the verdict.

■ Complaint is made in special grounds 1 and 2 because the documentary evidence referred to in division 1 of this opinion was admitted in evidence over the objection that the property was not properly described. This contention is disposed of by the ruling made in division 1. The sheriff's deed and the execution were objected to on the further ground that it did not appear that the tenant in possession was given notice of the levy. In *Bibb County* v. *Elkan,* supra, this court said: "The provision of law which requires that the defendant in execution or other person in possession of realty shall be given five days' notice of levy upon realty (Code, § 39-120), is merely directory, and not so essential as to avoid the levy, and affords no ground for avoiding a sale had pursuant thereto." See also *Haden* v. *Liberty Co.,* 183 *Ga.* 209 (188 S. E. 29) ; *Clark* v. *C. T. H. Corporation,* 181 *Ga.* 710 (184 S. E. 592).

■ The remaining grounds of the motion, eleven in number, complain of the admission of certain evidence over objection, the rejection of certain evidence, and various excerpts from the charge of the court. Since the verdict was demanded by the evidence, and none of the rejected evidence would have authorized a different verdict, it is unnecessary to pass upon these questions.

There was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*