34015. HENRY *v*. SLACK.

Decided May 22, 1952.

*Phillips, Johnson & Williams,* for plaintiff.

*Weekes & Candler,* for defendant.

SUTTON, C.J. ■ In the first count of the petition, the plaintiff alleged that personal property of the value of $59,891.43 was levied upon under a distress warrant for $2500, which the defendant caused to be issued against the plaintiff's transferor, Henry & Hutchinson Inc. The property was alleged to have consisted of numerous articles as listed, the value of each article being alleged. It appears that the property was capable of division, and that the value of a small number of the articles listed was greater than the amount of the distress warrant. The property was not brought before the courthouse door, as it was cumbersome and expensive to move, and it was purchased at the sale by the defendant, who had caused the distress warrant to be issued against the plaintiff's transferor.

A judicial sale under an excessive levy is void and passes no title. *Forbes* v. *Hall,* 102 *Ga.* 47 (28 S. E. 915); *Walker* v. *Maxwell,* 203 *Ga.* 393 (46 S. E. 2d, 923). A purchaser at such a sale is bound to take notice of an excessive levy. *Morris* v. *Davis,* 75 *Ga.* 169 (2). The refusal or failure of the defendant in fi. fa. (here, Henry & Hutchinson Inc., the plaintiff's tranferor) to exercise the privilege, given by Code § 39-116, of pointing out the property to be levied upon is immaterial in a suit questioning the validity of a levy on the ground of excessiveness. *Payne* v. *Daniel,* 194 *Ga.* 549, 550 (22 S. E. 2d, 47). The alleged facts

show that the property levied upon was capable of division and was worth almost twenty-four times the amount of the distress warrant. This was sufficient to raise a question for a jury as to whether the levy was excessive so as to pass no title to the property to the defendant by virtue of the sale pursuant to such excessive levy.

It is further contended by the defendant that no tender of the amount paid by the defendant for the property is shown by the petition. The present suit is not one which seeks relief in equity, where tender of the price paid at the void sale, used to extinguish valid liens against the defendant in fi. fa., may be required (*Clark* v. *C. T. H. Corp.*, 181 *Ga.* 710 (11), 184 S. E. 592; but see *Forbes* v. *Hall*, 102 *Ga.* 47, 49, supra) ; but it is an action at law, and therefore the purchaser's rights in regard to the amount paid on the sale pursuant to the alleged void levy must be asserted by the defendant purchaser, and the plaintiff need not anticipate or negative in his petition such rights of the defendant, if any.

It is also contended by the defendant that the plaintiff and the plaintiff's transferor have waived their rights to the property sued for by acquiescing in the sale, without objecting to it, filing an affidavit of illegality to it, or seeking to enjoin it. However, it does not appear that the transferor's agents or the plaintiff were present at the sale, so as to become bound thereby under Code § 39-1315. "It is settled law of this State that an affidavit of illegality is not a remedy for an excessive levy." *Pinkston* v. *Harrell*, 106 *Ga.* 102 (2) (31 S. E. 808, 71 Am. St. R. 242) ; Code, § 39-1004. Also, where equitable relief was not first sought against an excessive levy, such a levy and sale have been declared void in a claim case (*Stowe* v. *Birmingham Trust &c. Co.*, 161 *Ga.* 403, 131 S. E. 44), and in an action for damages in trespass (*Williams* v. *Aycock*, 52 *Ga. App.* 386, 183 S. E. 628; s. c., transferred to this court, 180 *Ga.* 570, 179 S. E. 770). As stated in *McNair* v. *Maxwell Brothers*, 63 *Ga. App.* 539, 540 (11 S. E. 2d, 715), which was a proceeding in a municipal court to set aside a levy on goods not embraced in the contract foreclosed, "The only use which could have been made of an order granting the relief sought would have been its use as authority in another appropriate proceeding for recovery of the property. These

questions can be determined in the one action." The present case is a proceeding for the recovery of personal property sold under an excessive levy; and, as it does not appear that the plaintiff or the plaintiff's transferor waived their rights to the property by acquiescing in the sale, the first count set out a cause of action, and the court erred in sustaining the demurrer thereto.

2. In the second count of the petition, the same levy and sale is set out as in the first count, but it is further alleged that there were two buildings on the premises rented by the plaintiff's transferor, and that all of the property belonging to the transferor corporation was contained in the two buildings. It is alleged that the constable levied on the property contained in one of the buildings; that, after the levy was made, the defendant moved the property not levied upon into the building containing the property which had been levied upon; and that the defendant, after purchasing the property levied upon for $1025, took possession of all of the tenant corporation's property, including that not levied upon, of the value of $27,414.37.

The second count seeks to recover property which the defendant took possession of without any right to do so, and which was not even levied upon or sold by the officer under the distress warrant; and this count plainly sets out a cause of action in trover for the conversion of such property by the defendant. The court erred in sustaining the general demurrer to this count of the petition.

*Judgment reversed. Felton and Worrill, JJ., concur.*